UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-61094-CIV-SEITZ/WHITE

PHILLIP MICKLE,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER ADOPTING REPORT, DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE-19] and Movant's Objections [DE-23]. In that Report, Magistrate Judge White recommends that Movant's Amended Motion for Relief Pursuant to § 2255 [DE-8] be denied. Movant raised six grounds for relief: (1) counsel was ineffective for failing to conduct further investigation into police misconduct due to a conflict of interest based upon counsel having family members who were police; (2) counsel was ineffective for advising Movant to stipulate to the facts that laboratory testing found the substances were crack cocaine and cocaine powder; (3) counsel's advice to stipulate to the nature of the substances was a direct result of her conflict of interest arising from the fact that counsel had family members who were police; (4) the government failed to correct false testimony; (5) the Movant has reserved the right to challenge prior convictions not listed in the indictment; and (6) the prosecutor's personal opinions of the facts deprived Movant of a fair trial. The Report found that Movant failed to provide any support for ground number 5 and that the remaining five grounds lacked merit. Movant has filed objections,

which simply repeat the arguments Movant made in his initial papers.[1] Having considered the Report, the Movant's Objections, and the record, the Court finds that the Magistrate Judge was not clearly erroneous in his factual summary of the record and his legal conclusions correctly applied the law to the facts. Therefore, the Court will overrule the Objections, affirm the Report and deny the motion.

## Movant's Objections

Several of Movant's objections are based on his claims of ineffective assistance of counsel. In order to establish an ineffective assistance of counsel claim, Movant must prove that: (1) counsel's representation of Movant fell below an objective standard of reasonableness and (2) the deficient performance prejudiced Movant. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the first prong of the *Strickland* standard, Movant bears a heavy burden: he "must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. U.S.*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citation and footnote omitted). Under the second prong, Movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### *Movant Has Not Shown an Adverse Effect of Any Conflict of Interest*

Movant's first objection is twofold. First, he objects to the denial of an evidentiary hearing and second, he objects to the finding that his counsel did not have a conflict of interest.

---

[1] In fact, in his Objections, instead of making any arguments in response to the Report's conclusion as to claim 6, Movant simply directs the Court to his initial Reply.

The evidentiary hearing issue is addressed below. As to the conflict of interest, Movant merely reargues the arguments raised in his Motion. Movant maintains that his counsel had a conflict of interest because she had family members who were police officers and, thus, would not attack a police officer's reputation or jeopardize his job. Counsel's alleged conflict is relevant because Movant's defense was that the officers planted the drugs and weapon on him and that he was a possible target of police because of his participation as a potential witness against other Miami police officers.

In *Cuyler v. Sullivan*, 446 U.S. 335, 347 (1980), the Supreme Court stated, "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." The Eleventh Circuit has held that an actual conflict of interest exists when a lawyer has inconsistent interests. *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999). "In order to prove that an actual conflict hindered petitioner's lawyer's performance, petitioner must make a factual showing of inconsistent interests or point to specific instances in the record to suggest an actual impairment of his or her interests." *Id.* (quotations omitted). If a movant is unable to prove an actual conflict of interest, then he is not entitled to relief. *United States v. Novaton*, 271 F.3d 968, 1011 (11th Cir. 2001). If a movant establishes an actual conflict, he must then prove an adverse effect. To do so he must establish three elements: (1) he must point to some plausible alternative defense strategy or tactic that might have been pursued; (2) he must demonstrate that the alternative strategy or tactic was reasonable under the facts; and (3) he must show some link between the actual conflict and the decision to forgo the alternative strategy of defense. *Freund*, 165 F.3d at 860.

Here, assuming an actual conflict, Movant has not established an adverse effect. As set out in detail in the Report, despite Movant's assertions otherwise, his counsel did attack the credibility of police officers during both cross-examination and closing arguments. Counsel also did conduct on investigation of one of the arresting officers and used the information obtained to impeach the officer. Movant has not set out any alternative strategy other than investigating and attacking the credibility of the police officers. This is what counsel did. Thus, Movant has failed to establish an adverse effect of any conflict of interest. Consequently, this objection is overruled.

### *Entering Into the Stipulation Did Not Prejudice Movant*

Movant's second objection argues that counsel was ineffective for advising him to enter into the stipulation that stipulated that substances officers testified were found on Movant were cocaine and cocaine base. Movant asserts that agreeing to the stipulation was the equivalent of admitting that he possessed cocaine. Movant cannot show how the stipulation prejudiced him because the stipulation only stipulated that laboratory testing of the substances showed they were cocaine and cocaine base. Regardless of the stipulation, the government still had to show that Movant possessed the cocaine. Furthermore, if Movant had not entered into the stipulation, the government would have presented testimony of the lab technician who tested the substances. Thus, Movant has not shown prejudice and this objection is overruled.

Movant's third objection argues that because of counsel's conflict of interest, Movant need not show that entering into the stipulation prejudiced him. Even if that were true, as set out above, Movant would need to prove that he entered into the stipulation because of the conflict of interest and he suffered an adverse effect as a result. However, Movant has not shown an

adverse effect from entering into the stipulation. Because, as stated, had he not entered into the stipulation, the government would merely have presented the lab technician's testimony. Consequently, this objection is overruled.

### *Movant Cannot Prevail on His Giglio Claim*

Movant's fourth objection asserts that he was prejudiced by the prosecutors' failure to correct the false testimony of Officer Bain. First, the Report found that this issue is procedurally barred because Movant failed to raise it on direct appeal. In order to overcome the procedural bar, Movant would have to show cause for not raising the claim on direct appeal and actual prejudice. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Second, if he overcomes the procedural bar, in order to prevail on this *Giglio* claim, Movant "must point to specific facts establishing that the testimony was 1) used by the state, 2) false, 3) known by the state to be false, and 4) material to the guilt or innocence of the defendant." *Williams v. Griswald*, 743 F.2d 1533, 1542 (11th Cir. 1984). The Report found that Movant could not show prejudice in order to overcome the procedural bar or to prevail on his *Giglio* claims. Even assuming that Movant could show prejudice, he has not presented any specific facts indicating that the government knew that Officer Bain's testimony was false. Consequently, this objection is overruled.

### *Movant's Final Objection is Overruled*

Moavnt's final objection simply directs the Court to look at Movant's initial Reply to the government's brief. This is not a proper objection and is clearly just a reargument of his earlier arguments. Consequently, it is overruled.

### An Evidentiary Hearing is Not Required

A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not required when the contentions of a movant are affirmatively contradicted by the record or when the contentions of a movant are conclusory and unsupported by specifics. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As set out in the Magistrate Judge's Report and herein, Movant's claims are without merit and thus he is not entitled to an evidentiary hearing.

### The Court Will Not Issue A Certificate of Appealability

The Court will deny issuance of a certificate of appealability for Movant's motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Movant has not made this showing.

Thus, having carefully reviewed, *de novo*, Magistrate Judge White's Report, the record, and Movant's objections, it is

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-19] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order.

(2) Movant's Amended Motion for Relief Pursuant to § 2255 [DE-8] is DENIED.

(3) Movant's Objections [DE-23] are OVERRULED.

(5) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT.

(5) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 8th day of June, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All Counsel of Record