UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CR-20420-LENARD/LOUIS

UNITED STATES OF AMERICA

    Plaintiff,

v.

PHILLIP MIKLE,

    Defendant.

_____/

**AMENDED REPORT AND RECOMMENDATION**

    This matter is before the Court upon Defendant's Untimely Request To Notice Appeal (ECF No. 164). The Motion has been referred to the undersigned for disposition by the Honorable Joan A. Lenard, United States District Court Judge (ECF No. 165). Upon consideration of the Motion, response by the government, and review of the docket as a whole, it is my recommendation that the Motion be **DENIED**.

    **I.**    **BACKGROUND FACTS**

        a.    Conviction and Procedural History

    Defendant Mikle was convicted following a jury trial in 2013 of possession with intent to distribute cocaine and crack cocaine. The Court sentenced Mikle to a term of 240 months imprisonment on March 5, 2014 (ECF No. 108). Mikle timely noticed his appeal, and in an unpublished *per curium* opinion, the Court of Appeals affirmed his conviction and sentence. *United States v. Mikle*, 582 F. App'x 855 (11th Cir. 2014). Mikle moved to reduce his sentence arguing retroactive application of Sentencing Guideline Amendment 782, which the Court denied (ECF No. 129). Mikle then timely moved *pro se* to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied and affirmed on appeal.[1] Mikle moved to reduce his sentence again in 2016 (ECF No. 138), which this Court denied (ECF No. 142). Mikle subsequently filed another motion

---

[1] The *habeas* proceeding is docketed at Case No. 15-cv-61094-PAS.

1

to vacate his sentence, which this Court dismissed as successive (ECF No. 146).

      b. The Present Motion

In August of 2020, Mikle filed an emergency motion to reduce his sentence (ECF No. 151), seeking compassionate release based on the First Step Act and the risk of serious health problems if he became infected with COVID-19. With the benefit of the government's response and Mikle's reply, the Court denied the emergency motion on September 30, 2020 (ECF No. 161). The Court found that Defendant Mikle failed to establish that his underlying medical conditions, combined with the risk of contracting COVID-19, presented an extraordinary and compelling reason for a sentence reduction.

One month after the Court entered the order denying his motion, Mikle mailed a letter request to the Clerk of the Court requesting copies of the pleadings filed in relation to the motion, including the government's response, exhibits, and the letter request his mother sent to the Court similarly seeking his early release (ECF No. 163). Mikle then represented that he had been moved to a new prison without his personal property.

Almost three months later, Mikle filed the instant Untimely Request to File Notice of Appeal (ECF No. 164). Mikle recognizes that the time to notice an appeal of the Court's denial of his motion to reduce sentence has long passed, but he seeks an exception to the timeliness requirement based on his limited knowledge of court processes, limited access to assistance from other prisoners as a consequence of COVID-19 related lockdowns, and his movement from one facility to another beginning in April 2020.

The government filed a Response in Opposition, noting that almost five months have passed since the Court's denial of Mikle's motion to reduce sentence, and consequently, the Court is without jurisdiction to rule on the timeliness of the notice of appeal (ECF No. 166). Mikle replied on February 10, 2021,[2] therein asking that the Court not apply time limits to his request because the Rules were not made with a global pandemic in mind, and because he diligently sought return of his legal documents from the transferring

---

[2] Mikle's Reply was not received and docketed until after the undersigned entered a Report and Recommendation (ECF No. 169). This Amended Report and Recommendation considers the Petitioner's Reply.

facility in order to pursue an appeal, though he acknowledges that his documents were not entirely necessary to filing a notice of appeal (ECF No. 170).

## II.   ANALYSIS

The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction. *United States v. Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001). The district court may extend the time to file a notice of appeal if the party seeking to appeal files a motion within thirty days of the deadline for the notice of appeal and shows excusable neglect or good cause. *Green v. United States*, 249 F. App'x 107, 109 (11th Cir. 2007) (citing Fed. R. App. P. 4(a)(5)(A)); *see also United States v. Lafontante*, No. 97-6007-CR, 2016 WL 7664345, at *2 (S.D. Fla. Dec. 9, 2016), *report and recommendation adopted*, No. 97-6007-CR, 2017 WL 78793 (S.D. Fla. Jan. 6, 2017).

Mikle's Request comes well beyond the 30-day period permitted under the Rule, and the government accordingly argues that this Court lacks jurisdiction to even consider the untimely request. I agree. Nor should the Court consider the untimely request, as Mikle has not shown excusable neglect here. The docket reflects multiple timely appeals noticed by Mikle since his original conviction; his familiarity with at least this aspect of the court process is demonstrated by the record. Similarly, Mikle's explanation that his lack of access to other inmates who might help him file the notice of appeal was attributable to his movement to another facility is an illogical one given his further explanation that the move began in April of 2020, months before he filed the underlying motion to reduce his sentence. Finally, as noted by Mikle in Reply, his ability to file a notice of appeal was unimpeded by the delay in receiving the legal documents he requested from the transferring facility, as he acknowledges "there's not necessarily a need for any documents to simply file a 'notice of appeal.'" (ECF No. 170 at 2).

Under these circumstances, the undersigned finds that Petitioner has not shown excusable neglect. *See Lopez v. Ammons*, No. 1:07-CV-1242-CAM, 2008 WL 11443122, at *2 (N.D. Ga. July 11, 2008), *aff'd*, 336 F. App'x 873 (11th Cir. 2009). Accordingly, I recommend that the Request be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this

Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. Failure to file objections by that date shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** this 12th day of May, 2021, in Miami, Florida.

_____
HON. LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

Cc:   All counsel of record
Phillip Mikle
Reg. No. 98195-004
FCI McKean
P.O. Box 8000
Bradford, PA 16701