UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20420-CR-LENARD

**UNITED STATES OF AMERICA,**

v.

**PHILLIP MIKLE,**

    Defendant.
_____/

**ORDER ADOPTING IN PART AND MODIFYING AMENDED REPORT AND RECOMMENDATION (D.E. 175) AND DENYING UNTIMELY REQUEST TO FILE NOTICE OF APPEAL (D.E. 164)**

**THIS CAUSE** is before the Court on Magistrate Judge Lauren Fleischer Louis's Amended Report and Recommendation issued May 12, 2021, ("Report," D.E. 175), recommending that the Court deny Defendant Phillip Mikle's "Untimely Request to File Notice of Appeal, (D.E. 164), filed on or about January 19, 2021. Defendant filed Objections to the Report on or about June 2, 2021, ("Objections," D.E. 177), to which the Government did not respond. Upon review of the Report, Objections, and the record, the Court finds as follows.

**I.**    **Background**

On March 7, 2013, a jury found Defendant guilty of possession with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1). (D.E. 73.) Prior to sentencing, the United States Probation Office issued a Presentence Investigation Report ("PSR") finding that Defendant was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, based on prior state court felony convictions for crimes

of violence. (PSR ¶ 17.) The PSR shows that Defendant had prior state court convictions for, inter alia, possession of a firearm during a criminal offense, armed robbery with a deadly weapon or firearm, resisting an officer without violence (four times), attempted first-degree murder, carrying a concealed firearm (twice), battery on a law enforcement officer, fleeing/eluding police officer at high speed, possession of a firearm/weapon by a convicted felon, tampering with physical evidence, and fleeing/eluding a police officer. (Id. ¶¶ 21-26.) The PSR reflects that Defendant was subject to a guideline range of 210 to 262 months' imprisonment, and a statutory maximum of twenty years' (i.e., 240 months') imprisonment. (Id. ¶¶ 61-62.)

On March 5, 2014, the Court sentenced Defendant to 240 months' imprisonment to be followed by three years' supervised release. (Sentencing Hr'g Tr., D.E. 122 at 32:3-6; Judgment, D.E. 108.) Defendant appealed his conviction and sentence, (D.E. 111), and on January 14, 2015, the Eleventh Circuit Court of Appeals affirmed the Court's Judgment, (D.E. 126).

Defendant subsequently filed two motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), (D.E. 127, 138), and four motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, (D.E. 135, 143, 144, 145), all of which were denied or dismissed, (D.E. 129, 140, 142, 146). See also Mikle v. United States, Case No. 15-61094-Civ-Seitz, D.E. 38 (S.D. Fla. Sept. 5, 2019); Mikle v. United States, Case No. 16-22565-Civ-Lenard, D.E. 10 (S.D. Fla. Sept. 6, 2016); Mikle v. United States, Case No. 17-22175-Civ-Lenard, D.E. 7 (S.D. Fla. Oct. 15, 2018).

On or about August 21, 2020, Defendant filed an Emergency Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling reasons exist for granting him compassionate release—specifically, his underlying medical and mental health conditions place him at an increased risk of severe illness of death due to COVID-19. ("Motion for Sentence Reduction," D.E. 151.) The Government filed a Response, (D.E. 155), to which Defendant filed a Reply, (D.E. 159). On September 30, 2020, the Court issued an Order denying the Motion for Sentence Reduction, finding that (1) Defendant had not established extraordinary and compelling reasons for a sentence reduction, and in any event, (2) the 3553(a) factors did not support a sentence reduction. (D.E. 161.)

On January 11, 2021, Defendant filed the instant "Untimely Request to File Notice of Appeal" pursuant to the "prison mailbox rule."[1] (D.E. 164.) Therein, he states that he "is fully aware that a 'Notice of Appeal' must be filed within the proscribed amount of time allotted within the court rules; which is, to the best of his knowledge, 14-to-21 days after a ruling has been made on the matter that's being appealed." (Id. at 1.) However, he requests that his failure to timely file a notice of appeal "will be excused by the Court." (Id.)

---

[1] Under the prison mailbox rule, "[a] pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (citing Houston v. Lack, 487 U.S. 266, 275 (1988)). See also Williams v. McNeil, 557 F.3d 1287, 1290, n.2 (11th Cir. 2009). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted). Here, Defendant signed his Untimely Request to File Notice of Appeal on January 11, 2021. (D.E. 164 at 2.)

On January 21, 2021, the Court referred the "Untimely Request to File Notice of Appeal" to Magistrate Judge Lauren Fleischer Louis. (D.E. 165.)

On February 3, 2021, the Government filed a Response, arguing that the Court is without jurisdiction to rule on the timeliness of a Notice of Appeal. (D.E. 166 (citing United States v. Lopez, 562 F.3d 1309, 1313-14 (11th Cir. 2009)).)

On February 8, 2021, Defendant filed a Notice of Appeal of the Court's Order denying his Motion for Sentence Reduction. (D.E. 167.)

On February 23, 2021, Judge Louis issued a Report and Recommendation on Defendant's "Untimely Request to File Notice of Appeal." (D.E. 169.)

On February 24, 2021, the Clerk's office docketed Defendant's Reply to the Government's Response. (D.E. 170.)

On May 12, 2021, Judge Louis withdrew her original Report and Recommendation and issued an Amended Report and Recommendation that took into account Defendant's Reply. ("Report," D.E. 175 at 2 n.2.) Judge Louis recommends denying the "Untimely Request to File Notice of Appeal," agreeing with the Government that the Court lacks jurisdiction to consider the Untimely Request, and even if it had jurisdiction, Defendant failed to show excusable neglect. (Id. at 3-4.)

On or about June 1, 2021, Defendant filed a "Reply Brief Opposing the District Court Judge's Recommendation Denying the Petitioner's Request to File an Untimely Appeal Request; For § 3582 Compassionate Petition," which the Court construes as Objections to Judge Louis's Report. ("Objections," D.E. 177.) The Government did not file a response.

4

## II. Legal Standard

Upon receipt of the Magistrate Judge's Report and Defendant's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). The court must conduct a de novo review of any part of the Report that has been "properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a de novo determination of those portions of the [R & R] to which objection is made"). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Those portions of a magistrate judge's report and recommendation to which no objection has been made are reviewed for clear error. See Lombardo v. United States, 222 F. Supp. 2d 1367, 1369 (S.D. Fla. 2002); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that [i]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citations omitted). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

The Federal Rules of Appellate Procedure, as relevant here, require a defendant in a criminal case to file a notice of appeal within fourteen days after the entry of the judgment

or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i).  "Because the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not grounded in a federal statute, . . . it is not jurisdictional." Lopez, 562 F.3d at 1313.  "Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)." Fed. R. App. P. 4(b)(4).

Here, the Court denied Defendant's Motion for Sentence Reduction on September 30, 2020.  (D.E. 161.)  Pursuant to Rule 4(b)(1)(A)(i), Defendant had fourteen days—until and including October 14, 2020—to file a Notice of Appeal, but he failed to do so.  Pursuant to Rule 4(b)(4), the Court, upon a finding of excusable neglect or good cause, was authorized to extend the time for Defendant to file a notice of appeal by no more than thirty days from the October 14, 2020 deadline.  See Lopez, 562 F.3d at 1314.  That period ended on November 13, 2020, but Defendant did not file his "Untimely Request to File Notice of Appeal" until January 11, 2021.  (D.E. 164.)  "At that late date, the district court, even upon a finding of excusable neglect or good cause, was not permitted to grant [Defendant's] untimely motion." Lopez, 562 F.3d at 1314.  Accordingly, the Court adopts Judge Louis's Report to the extent that she found that the Court is not permitted to grant Defendant's "Untimely Request to File Notice of Appeal," but modifies it to reflect that the deadline in Rule 4(b) is non-jurisdictional.  Id. at 1313.

Because the Court is not permitted to grant Defendant's "Untimely Request to File Notice of Appeal," the Court need not consider whether Defendant has established excusable neglect or good cause to extend the time to file a notice of appeal.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

**1.** The Amended Report and Recommendation of the Magistrate Judge issued on May 12, 2021 (D.E. 175) is **ADOPTED IN PART AND MODIFIED** consistent with this Order; and

**2.** Defendant's Untimely Request to File Notice of Appeal (D.E. 164) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of July, 2021.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**