UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20420-CR-LENARD

**UNITED STATES OF AMERICA,**

v.

**PHILLIP MIKLE,**

    Defendant.
_____/

## ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**THIS CAUSE** is before the Court on Defendant Phillip Mikle's *pro se* Motion for Reduction in Sentence Under Title 18 U.S.C. §3582(c)(1)(A), ("Motion," D.E. 193), filed May 7, 2024. The Government filed a Response on May 20, 2024, ("Response," D.E. 195), to which Defendant filed a Reply on June 10, 2024, ("Reply," D.E. 199). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.      Background**

On March 7, 2013, a jury found Defendant guilty of possession with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1).[1] (D.E. 73). Prior to sentencing, the United States Probation Office issued a Presentence Investigation Report ("PSR") finding that Defendant was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, based on prior state court felony convictions

---

[1] This case was originally assigned to United States District Judge Patricia A. Seitz and later transferred to Judge Jose A. Gonzalez, Jr. (D.E. 40). On May 3, 2016, the case was transferred to the undersigned District Judge. (D.E. 139).

for crimes of violence. (PSR ¶ 17). The PSR shows that Defendant had prior state court convictions for, *inter alia*, possession of a firearm during a criminal offense, armed robbery with a deadly weapon or firearm, resisting an officer without violence (four times), attempted first-degree murder, carrying a concealed firearm (twice), battery on a law enforcement officer, fleeing/eluding police officer at high speed, possession of a firearm/weapon by a convicted felon, tampering with physical evidence, and fleeing/eluding a police officer. (*Id.* ¶¶ 21-26.) The PSR reflects that Defendant was subject to a guideline range of 210 to 262 months' imprisonment, and a statutory maximum of twenty years' (i.e., 240 months') imprisonment. (*Id.* ¶¶ 61-62).

On March 5, 2014, the Court sentenced Defendant to 240 months' imprisonment to be followed by three years' supervised release. (Sentencing Hr'g Tr., D.E. 122 at 32:3-6; Judgment, D.E. 108). Defendant appealed his conviction and sentence, (D.E. 111), and on January 14, 2015, the Eleventh Circuit Court of Appeals affirmed the Court's Judgment, (D.E. 126).

Defendant subsequently filed two motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), (D.E.'s 127, 138), and four motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, (D.E.'s 135, 143, 144, 145), all of which were denied or dismissed, (D.E. 129, 140, 142, 146). *See also Mikle v. United States*, Case No. 15-61094-Civ-Seitz, D.E. 38 (S.D. Fla. Sept. 5, 2019); *Mikle v. United States*, Case No. 16-22565-Civ-Lenard, D.E. 10 (S.D. Fla. Sept. 6, 2016); *Mikle v. United States*, Case No. 17-22175-Civ-Lenard, D.E. 7 (S.D. Fla. Oct. 15, 2018).

On or about August 21, 2020, Defendant filed an Emergency Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). ("First Motion for Compassionate Release," D.E. 151). Therein, he argued that extraordinary and compelling reasons existed for granting him compassionate release—specifically, he asserted that his underlying medical and mental health conditions place him at an increased risk of severe illness of death due to COVID-19. (*Id.* at 1). On September 30, 2020, the Court denied Defendant's First Motion for Compassionate Release. ("First Order Denying Compassionate Release," D.E. 161). First, the Court found that Defendant "failed to establish that his underlying medical and mental health conditions, in conjunction with the threat of contracting COVID-19 in prison, present an extraordinary and compelling reason for a sentence reduction." (*Id.* at 8; *see also id.* at 8-11). The Court further found that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (*Id.* at 11 (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020))). The Court further found that even assuming *arguendo* that Defendant could establish extraordinary and compelling reasons for a sentence reduction, (1) the 3553(a) factors did not support a sentence reduction, and (2) Defendant remained a danger to the community. (*Id.* at 12–13 (citing U.S.S.G. § 1B1.13(2), 18 U.S.C. §§ 3142(g), 3582(c)(1)(A)(i))). Defendant subsequently filed a motion for leave to file an untimely appeal, (D.E. 164), and a Notice of Appeal, (D.E. 167). The Court denied Defendant's motion for leave to file an untimely

3

appeal, (D.E. 180), and the Eleventh Circuit dismissed Defendant's appeal as untimely, (D.E. 181).

On November 16, 2021, Defendant filed another Motion for Compassionate Release ("Second Motion for Compassionate Release," D.E. 182). Therein, he again argued COVID-19 as a basis for compassionate release. (*Id.* at 3–4). He further argued as "other reasons" justifying compassionate release that "structural errors" in the Indictment and during the sentencing phase of these proceedings "present extraordinary and compelling reasons that warrant, at the least, a review under plain error assessment. (*Id.* at 12). On January 4, 2024, the Court denied Defendant's Second Motion for Compassionate Release. ("Second Order Denying Compassionate Release," D.E. 190). The Court again rejected Defendant's arguments concerning COVID-19 as a basis for compassionate release. (*Id.* at 12–15). The Court further rejected "Defendant's argument that the Court may consider whether 'other reasons,' beyond those enumerated in U.S.S.G. § 1B1.13 Application Note 1(A) – (C), qualify as extraordinary and compelling reasons for a sentence reduction." (*Id.* at 11).

Defendant filed the present Motion on May 7, 2024. Therein, he asserts the following as extraordinary and compelling circumstances justifying a sentence reduction: (1) his prior offenses are no longer "crimes of violence," thus he would no longer be considered a career offender; (2) he was a victim of assault by BOP staff; (3) lack of proper medical care; (4) COVID-19; (5) his good conduct while incarcerated; and (6) his post-release plans. (Mot. at 3). On May 20, 2024, the Government filed a Response in

4

opposition which includes Defendant's BOP medical records under seal, (D.E. 197-1). On June 10, 2024, Defendant filed a Reply, (D.E. 199).

According to the Bureau of Prisons' website, Defendant is currently incarcerated at Coleman Low FCI and is scheduled for release on July 19, 2028.

## II.     Legal Standard

Generally, "a district court may not modify an imprisonment sentence except where expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure[.]" *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2017). Section 3582(c)(1) is a statute that Congress created to fashion a narrow means of modifying a criminal sentence. Section 3582(c)(1)(A)(i) states that the Court may:

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

The reduction must also be consistent with U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (Dec. 6, 2021) ("In short, we hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). As relevant here, § 1B1.13 requires that the Court determine that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons." 28 U.S.C. § 994(t). On November 1, 2023, the Commission amended the policy statement to include the following six categories that could constitute extraordinary and compelling reasons for a sentence reduction: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence. U.S.S.G. § 1B1.13(b).

Put succinctly, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and…(3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).[2] The Court may consider these three conditions in any order, and, if the Court determines one or more are unmet, it may end its analysis there. *Id.* at 1237–38. The defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

---

[2] These § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III. Discussion[3]

#### A. Defendant's Asserted Extraordinary and Compelling Reasons

#### 1. Physical Assault and Medical Circumstances

Defendant asserts that on October 15, 2021, he was a victim of physical assault by Bureau of Prisons ("BOP") staff and since the incident he has not received proper medical care for his injuries. (Mot. at 3–5). Defendant attaches several documents to his Motion showing administrative petitions he filed within the BOP regarding the alleged assault and insufficient medical care.

In April 2023, the Sentencing Commission voted to promulgate several amendments to the policy statement, U.S.S.G. § 1B 1.13, which governs motions for compassionate release. The amended policy statement expands the list of circumstances that may qualify as "extraordinary and compelling" to include additional medical and family circumstances that may warrant release. As amended, the policy statement identifies new grounds for seeking compassionate release, including for victims of sexual or physical abuse perpetrated by employees of the BOP. As relevant here, § 1B1.13 permits a sentence reduction where "[t]he defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of . . . sexual abuse . . . or . . . physical abuse resulting in 'serious bodily injury,' . . . that was committed by, or at the direction of, a correctional

---

[3] As a preliminary matter, the Government concedes that Defendant has exhausted administrative remedies. (Resp. at 1 n.1). As such, the Court proceeds to the merits. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (holding that the exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule that may be waived or forfeited by the Government).

officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." U.S.S.G. § 1Bl.13(b)(4). Section 1Bl.13(b)(4), as amended, further provides that "[f]or purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger."

Here, the Court first finds there is no evidence of a conviction in a criminal case or an admission of liability in a civil case. Additionally, based on the documents filed by Defendant, all of his administrative petitions related to the alleged assault have been closed without a finding of guilt or liability on the part of BOP staff.[4] In fact, in an October 25, 2023 letter from BOP's regional counsel, Defendant's assault claim was administratively considered and denied. Therein, it was determined that "staff acted reasonably in response to [Defendant's] threatening behavior. [Defendant] received appropriate medical assessments following the incident. No injuries were observed by medical staff." (D.E. 193-1 at 38). As such, Defendant fails to establish a finding of misconduct in an administrative proceeding. U.S.S.G. § 1Bl.13(b)(4). Defendant additionally fails to establish that insufficient medical care was rendered. Consequently, the Court finds these are not extraordinary and compelling reasons for a sentence reduction.

---

[4] The Government confirms the same in its Response.

### 2. COVID-19

Defendant seeks to distinguish his COVID-19 claims from the ones the Court rejected in his First and Second Motions for Compassionate Release. In the instant Motion, Defendant argues that the harsher and more punitive conditions of incarceration created by the pandemic constitute extraordinary and compelling circumstances for a sentence reduction. (Mot. at 6–7). Put simply, this is not a category under § 1B1.13 and so the Court rejects the argument. Moreover, to the extent Defendant seeks to reassert his previously rejected claims, the Court adopts the findings and conclusions in its First and Second Orders Denying Compassionate Release. (*See* Second Order Denying Compassionate Release at 13 (The Court finds that suffering from medical or mental health conditions that <u>may</u> substantially diminish a defendant's ability to provide self-care within the environment of a correctional facility <u>if</u> he or she contracts COVID-19 is not an extraordinary and compelling reason for a sentence reduction[.]")). As such, the Court finds this is not an extraordinary and compelling reason warranting a sentence reduction.

### 3. Rehabilitation and Post-Release Plans

Defendant attaches certificates to his Motion as proof that he has "participated in a wide range of rehabilitation programs throughout his term of incarceration[.]" (Mot. 9). He additionally states "he has a viable, individualized release plan" wherein he will find employment in the food service industry and care for his elderly mother and two children. (Mot. at 10-11). The Court commends Defendant's rehabilitation efforts and future plans. However, rehabilitation is one of the expected goals of sentencing; and in this case, the

9

Court finds that Defendant's rehabilitation efforts and post-release plans do not justify a sentence reduction.

### 4. Career Offender Status

According to the PSR, Defendant is a career offender due to the following state convictions: (1) armed robbery deadly weapon or firearm and attempted murder in state case no: F97-15216; (2) battery on a law enforcement officer in state case no. F01-1036; (3) fleeing/eluding a police officer high speed in state case no. F03-14400; and (4) fleeing/eluding a police officer in state case no. F08-1013. (PSR ¶ 17). Defendant now argues that his predicate convictions of battery on a law enforcement officer and fleeing/eluding are no longer crimes of violence and therefore he is no longer a career offender. (Mot. at 7–8). This is not the first time Defendant has made this argument. According to this Court's October 15, 2018 Order in his related habeas case:

> On June 21, 2016, Movant applied to the Eleventh Circuit for leave to file a Second or Successive Motion under Section 2255. *In re Mikle*, Case No. 16-13827 (11th Cir. June 21, 2016). Therein, Movant argued that the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015)—which held that the "residual clause" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague—also applied to the career-offender guideline and, consequently, he no longer had two qualifying predicate convictions for purposes of the Career Offender sentence enhancement. On June 24, 2016—before the Eleventh Circuit had ruled on Movant's application—Movant filed his second 2255 Motion in the district court, invoking the holding in Johnson. *Mikle v. United States*, Case No. 16-22565-Civ-Lenard, D.E. 1. On July 21, 2016, the Eleventh Circuit denied Movant's application to file a second or successive 2255 Motion. *Id.* at D.E. 9. Accordingly, on September 6, 2016, the Court dismissed Movant's second 2255 Motion for lack of jurisdiction. *Id.* at D.E. 10. Movant

appealed, but the Eleventh Circuit summarily affirmed the Court's dismissal for lack of jurisdiction. *Id*. at D.E. 15.

(Case No. 17-22175-Civ-Lenard, D.E. 7 at 2–3).

As discussed in part B below, the Court finds that the § 3553(a) factors do not support a sentence reduction, and Defendant remains a danger to the safety of other persons and the community. Therefore, the Court need not consider Defendant's career offender argument. *Tinker*, 14 F.4th at 1237.

**B.     § 3553(a) Factors**

Even if Defendant could establish extraordinary and compelling reasons for a sentence reduction, the §3553(a) factors do not support a reduction of Defendant's sentence and Defendant remains a danger to others and the community. In this regard, the Court considers Defendant's post-sentencing conduct. *See* U.S.S.G. § 1B1.10 comment. (n.1.) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction[.]") As discussed, the Court commends Defendant's efforts in completing a wide range of rehabilitation programs throughout his term of incarceration. However, along with his positive achievements, the Court finds that Defendant has a blemished BOP disciplinary record. Since being incarcerated, Defendant has been sanctioned for the following violations: (1) interfering with staff in 2013, and (2) engaging in a group demonstration in 2021. (Resp. at 9). Based on this, the Court finds that Defendant's post-sentencing conduct weighs against a sentence reduction.

Additionally, the Court adopts the findings and conclusions from its First and Second Orders Denying Compassionate Release:

According to the Offense Conduct section of the PSR:

> [O]n January 1, 2012, in the City of Miami, law enforcement officers were on routine patrol when they observed a Nissan Maxima vehicle driving, at night, without its headlights on in the vicinity of 6611 NW 3 Avenue. Law enforcement engaged their police lights and sirens to conduct a traffic stop; however, the vehicle fled at a high rate of speed until it crashed. Following the crash, the defendant, Phillip Mikle (Mikle) abandoned the vehicle and fled from the police officers on foot. It was determined that the vehicle had collided with two fixed posts and a wall. Mikle took off running from the scene and the police officers observed a firearm in his hand (Mikle's). Mikle refused to obey law enforcement's verbal orders to stop and drop the gun and continued to run from the scene. The defendant eventually dropped the firearm in an open area and he was soon apprehended. When he was apprehended, Mikle spontaneously stated "I am gone man. I am gone for a long time. You see my record man." A pat down was performed incident to the apprehension. The pat down revealed a bulge in Mikle's right pocket. Inside the pocket was a skull cap with 24 plastic baggies which contained suspect crack cocaine and four plastic baggies which contained suspect powder cocaine. A bundle of cash was also recovered.

(PSR ¶ 4.) According to the Miami-Dade Police Department's drug analysis, the substances recovered were, in fact, cocaine base and cocaine. (Id. ¶ 7.) Law enforcement also recovered the firearm, a Taurus M[o]del PT-140 Millenium PRO, .40 caliber pistol and one round of ammunition, from a nearby lot. (Id. ¶ 6.) The Court finds that the nature and circumstances of the offense—specifically, that it involved a firearm and ammunition, narcotics trafficking, a high-speed chase that resulted in Defendant crashing a car, and fleeing on foot from the police—weigh against a sentence reduction. 18 U.S.C. § 3553(a).

Next, the Court finds that the history and characteristics of Defendant weigh heavily against a sentence reduction, as he has consistently demonstrated a lack of respect for the rule of law. 18 U.S.C. § 3553(a)(1).

On April 3, 1997, Defendant—then age 16—was arrested and later convicted as an adult of possession of a firearm during a criminal offense,

armed robbery with a deadly weapon or firearm, resisting an officer without violence, attempted first-degree murder, and carrying a concealed firearm. (PSR ¶ 21.) According to the PSR, Defendant approached the victim and demanded his jewelry. (Id.) When the victim tried to run away Defendant shot him in the back. (Id.) Defendant was sentenced to five years' probation with a special condition to serve 364 days in jail. (Id.) Defendant "repeatedly violated the terms of his probation sentences by committing new law violations and failing to follow instructions." (Id.)

On January 10, 2001, while out on probation for the offenses described above, Defendant was arrested and later convicted of battery on a law enforcement officer. (Id. at 22.) He was sentenced to 366 days in prison. (Id.)

On May 20, 2003, Defendant was arrested and later convicted of fleeing/eluding police at high speed and resisting an officer without violence. (Id. ¶ 23.) During this offense, Defendant drove a vehicle directly at a police officer who had to jump out of the way to avoid being hit. (Id.) He was sentenced to 180 days in county jail. (Id.)

On May 16, 2006, Defendant was arrested and later convicted of carrying a concealed firearm, resisting an officer without violence, possession of a firearm/weapon by a convicted felon, and tampering with physical evidence. (Id. ¶ 24.) He was sentenced to 366 days in prison as a habitual violent offender, to be followed by three years' probation. (Id.) He was released from prison on May 18, 2007, but his probation was revoked on July 3, 2008 and he was sentenced to 300 days in jail. (Id.)

On January 9, 2008, Defendant was arrested and later convicted of fleeing and eluding a police officer. (Id. ¶ 25.) He was sentenced to 300 days in county jail. (Id.)

On May 23, 2009, Defendant was arrested and later convicted of resisting an officer without violence, and sentence to time served. (Id. at 26.)

On January 1, 2012, Defendant was arrested for the narcotics offense for which he was convicted in this federal case. (Id. ¶ 4.)

The Court notes that in all of these cases, Defendant attempted to flee from the police. (Id. ¶¶ 4, 21-26.) Defendant's history of recidivism does not support a sentence reduction.

The Court further finds that under the circumstances of this case, Defendant's 240-month prison sentence is sufficient, but not greater than

> necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A) – (C). Defendant has served less than half of that sentence.
>
> Having considered all of the factors under Section 3553(a), the Court finds that a sentence reduction is not merited.
>
> Finally, for the reasons stated above, the Court finds that Defendant is a danger to the safety of other persons and the community for purposes of U.S.S.G. § 1B1.13(2) and 18 U.S.C. §§ 3142(g), 3582(c)(1)(A)(i). See United States v. Strong, 775 F.2d 504, 506-07 (3d Cir. 1985) (noting that the statutory language of the Bail Reform Act, "as well as the legislative history, unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community").

(Order Den. Second Mot. for Compassionate Release at 16–18 (citing Order Den. First Mot. For Compassionate Release at 13–16)).

In sum, the Court finds that Defendant has failed to establish extraordinary and compelling reasons for a sentence reduction, the § 3553(a) factors do not support a sentence reduction, and Defendant remains a danger to the safety of other persons and the community.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Phillip Mikle's Motion for Reduction in Sentence Under Title 18 U.S.C. §3582(c)(1)(A) (D.E. 193) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of September, 2024.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**